**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| LILY DOBROVOLSKAYA, | |
|     Movant, | Case No.: 25-mc-00032 (JLR) |
| v. | [Related to Case No. 23-cv-61256-JB pending in the Southern District of Florida] |
| MONARCH AIR GROUP, LLC., | |
|     Respondent. | |

**NON-PARTY LILY DOBROVOLSKAYA'S OBJECTION TO TRANSFER OF**
**<u>HER MOTION TO QUASH SUBPOENA</u>**

Non-party Lily Dobrovolskaya hereby respectfully responds to this Court's Order [ECF No. 16] directing her to inform the Court as to whether she objects to the transfer of her Motion to Quash Subpoena [ECF Nos. 1, 3] to the Southern District of Florida pursuant to Federal Rule of Civil Procedure 45(f). For the reasons set forth below, Dobrovolskaya objects.

A document subpoena has been issued to Dobrovolskaya from the Southern District of Florida in connection with a defamation case pending there, titled *Monarch Air Group, LLC v. Journalism Development Network, Inc.* Dobrovolskaya has moved to quash the subpoena. [ECF No. 3] Rule 45(f) provides that "[w]hen the court where compliance [with a subpoena] is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Dobrovolskaya does not consent and requests instead that her Motion to Quash remain in this Court for several reasons.

First, as the Court knows, Dobrovolskaya opposes the pending subpoena primarily because it seeks material protected by the journalist's privilege, including material that would reveal Dobrovolskaya's confidential sources. Dobrovolskaya is a New York resident whose newsgathering, drafting, editing, and reporting all occurred while she was in New York. *See* ECF No. 6 at ¶¶ 1, 6. Importantly, there is a "consistent tradition in [New York] of providing the broadest possible protection to the sensitive role of gathering and disseminating news of public events." *Matter of Holmes v. Winter*, 22 N.Y.3d 300, 308 (2013). "[A]s a New York reporter," Dobrovolskaya "was aware of – and was entitled to rely on – the absolute protection embodied in [New York's] Shield Law when she made the promises of confidentiality that she now seeks to honor." *Id.* at 316. Dobrovolskaya believes that the protections provided under New York law are most likely to be fully recognized and enforced in this forum.

Second, Plaintiff has argued that Dobrovolskaya's Motion to Quash should be analyzed under Florida law rather than New York law. [ECF No. 11 at 4-5] Dobrovolskaya disagrees. While the contours of the New York and Florida journalist's privilege are very similar, they differ somewhat with respect to confidential sources, where New York provides an absolute privilege against disclosure but Florida provides only a qualified privilege. *Baker v. Goldman Sachs & Co.*, 669 F.3d 105, 107 (2d Cir. 2012); *Ulrich v. Coast Dental Servs., Inc.*, 739 So. 2d 142, 143 (Fla. Dist. Ct. App. 1999). To determine which law applies in the first instance, this Court will have to consider New York's conflict-of-laws rules, and Dobrovolskaya believes that this Court is in a better position to apply those conflict-of-law rules since this Court undoubtedly has more experience with them than the Florida Court does. Applying New York's conflict-of-law rules will result in the application of New York's journalist's privilege, including its absolute privilege for confidential sources. Transferring this case to Florida would risk the misapplication of New York's conflict-of-law rules and the concomitant (mis)application of Florida's journalist's privilege, rather than New York's.

Third, Rule 45(f) permits the transfer of this matter without Dobrovolskaya's consent only if "exceptional circumstances" exist. The "exceptional circumstances" language is intended to "ensure that transfer is a *rare event*." C. Wright & A. Miller, 9A Fed. Prac. & Proc. Civ. § 2463.1 (3d ed.) (2024) (emphasis added). Here, there are no such exceptional circumstances and therefore this matter should not be transferred. It is undoubtedly true that the Florida Court has greater familiarity with the underlying lawsuit than this Court does, but that alone "is insufficient to constitute exceptional circumstances under Rule 45(f)." *Cohen v. Grp. Health Inc.*, 22-MC-0200 (PAE)(KHP), 2022 WL 4534552, at *3 (S.D.N.Y. Sept. 28, 2022) (denying motion to transfer) (internal quotation omitted). Moreover, the issues involved in the Florida Litigation are

not overly complex and a thorough knowledge of that case is not necessary for this Court to resolve the Motion to Quash. *Id.* Inasmuch as the Florida Court has addressed any issues presented by the Motion to Quash, this Court can certainly review those orders and incorporate them into its decision here. *Id.* And this Court's resolution of the Motion to Quash may in fact assist the Florida Court by taking one of many discovery disputes in the underlying case "off its plate." *Id.* Thus, exceptional circumstances do not exist, and Dobrovolskaya's Motion to Quash should not be transferred to Florida for resolution.

**<u>Conclusion</u>**

WHEREFORE, Lily Dobrovolskaya respectfully requests that the Court not transfer her Motion to Quash to the Southern District of Florida.

**<u>CERTIFICATE OF COMPLIANCE</u>**

I hereby certify that the word count of this memorandum of law complies with the word limits of Local Civil Rule 7.1(c). According to the word-processing system used to prepare this memorandum of law, the total word count for all printed text exclusive of the material omitted under Local Civil Rule 7.1(c) is 768 words.

I certify under penalty of perjury that the foregoing is true and correct.

DAVIS WRIGHT TREMAINE LLP

By: *<u>/s/ Rachel Strom</u>*
Rachel Strom
rachelstrom@dwt.com
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone (212) 402-4069

THOMAS & LoCICERO PL

Dana J. McElroy (*admitted pro hac vice*)
Florida Bar No. 845906
dmcelroy@tlolawfirm.com

915 Middle River Drive, Ste. 309
Fort Lauderdale, FL 33304
Telephone (954) 703-3416

James J. McGuire (*admitted pro hac vice*)
Florida Bar No. 187798
jmcguire@tlolawfirm.com
601 South Boulevard
Tampa, FL 33606
Telephone: (813) 984-3060

*Attorneys for Non-Party Lily Dobrovolskaya*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **20th** day of **February**, **2025**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties and counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

*/s/ Rachel Strom*
Attorney

4